### KAY, Plaintiff-Appellee, v. ORR FELT & BLANKET CO. Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21822.   Decided March 16, 1951.

Harrison, Spangenburg & Hull, Cleveland, for plaintiff-appellee.

McConnell, Blackmore, Cory & Burke, S. Burns Weston, Cleveland, for defendant-appellant.

## ON MOTION FOR A LIMITED REHEARING

### DISSENTING OPINION

By McNAMEE, J:

I am of the opinion that plaintiff's motion for a limited rehearing ought to be granted and that upon rehearing this court should declare that defendant's violation of §8903 GC, was negligence per se. **Cooperative Comm. etc v. P. U. C. O. 150 Oh St 290,** is not in point. In that case there was no evidence of a violation of the terms of §8976 GC, by the railroad. In view of this, the statement in the opinion referring to the concession by all parties that "there was no specific requirement of law of the state which the railroad is violating * * *" cannot be considered as implying that **§8976 GC** does not establish specific requirements of law.

The argument of defendant that there can be no specific requirement where the legislature authorizes exceptions by independent bodies is not in harmony with the existing statutory law. For example—to crash a traffic light showing "red" is negligence per se. Surely it cannot be claimed that such conduct is merely evidence of negligence because §6307-12 GC, which requires obedience to the instructions of a traffic control device contains the exception that permits one to disregard the traffic signal "if otherwise directed by a police officer."